RACHEL WHINNERY, APPELLEE, v. INTERSTATE TRANSIT LINES, APPELLANT.

FILED FEBRUARY 8, 1934. No. 28794.

*T. W. Bockes, C. B. Matthai* and *Fred C. Foster,* for appellant.

*Boehmer & Boehmer, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

BLACKLEDGE, District Judge.

This is a suit to recover for personal injuries alleged to have been sustained by plaintiff in a collision on the highway a short distance south of Grand Island, Nebraska, between the car in which plaintiff was riding, driven by one Gunn, and the defendant's passenger bus then driven by its regular driver employed for that purpose. The particular place of the collision was at an intersection of highways.

The evidence clearly establishes that the defendant's bus was traveling southward and, under existing highway regulations, had the right of way over vehicles approaching on the east-west highway. There were at the time cars approaching the intersection from all four directions. The car from the east is said to have stopped at the stop sign. The one from the south slowed down. The car in which plaintiff rode approaching from the west ignored the stop sign and swung into the intersection, attempting to make the turn northward, and collided with the bus which had attempted to swing to the right as offering the only means of possibly avoiding collision, upon the situation becoming apparent to its driver. The actual collision was between the left side of the bus and the left side of the car in which plaintiff rode.

The allegations of negligence which find some support

in the evidence were (1) that the bus was negligently driven at a greater rate of speed than was reasonable and proper, having regard for the condition and use of the road and the traffic thereon; (2) that the bus driver failed to heed the slow sign which stood on the highway as he approached the intersection; (3) that the intersection was one of obstructed vision and the bus driver in approaching exceeded the speed of 15 miles an hour specified by highway regulations in such cases; and (4) that the bus driver failed to stop or slow down after he observed, or should have observed, the situation of the car in which the plaintiff was a passenger.

The answer was a denial and a plea of contributory negligence.

On the trial, negligence of the driver of the car in which plaintiff was riding, by overrunning the stop sign, by failing to yield the right of way, and in cutting the corner as he turned, was abundantly supported in the evidence.

On this appeal complaint is made of the giving of each of the instructions numbers 10, 13, and 14.

The trial court submitted the case to the jury upon 19 instructions. Numbers 1 to 4 covered the issues and burden of proof. Number 5 informed the jury that plaintiff was not responsible for the negligence of the driver of the car in which she rode, but was responsible for her own negligence, and directed the jury's attention to an examination of the question whether plaintiff was aware of acts or omissions of the driver as to which she should have remonstrated, applicable to the question of contributory negligence on her part. Numbers 6 and 7 defined, respectively, the terms preponderance of the evidence and the different degrees of negligence involved. Number 8 gave the rules pertaining to contributory and comparative negligence. Number 9 defined the relative rights of way as between the highways, the duties of drivers respecting slow and stop signs, and told the jury that in this case the statute gave to the defendant's bus the right of way

at the intersection over the car in which plaintiff was riding. Number 11 stated the general rule as to reasonable speed and the duties of drivers to keep to the right on the highway and in turning at intersections, and number 12 that the traffic rules were to be considered, "not that their violation is negligence in itself, but is simply to be considered by you in bearing upon the question of the negligence of the parties." Number 15 covered the last chance doctrine and informed the jury that in such case it was the duty of the bus driver to exercise reasonable care to prevent and avoid the accident. Numbers 16, 17, 18, and 19 covered, respectively, the measure of damage, the question of liability insurance, credibility of witnesses, and a concluding paragraph in reference to considering the evidence and reporting a verdict.

Considering now the objection as to instruction No. 10, the instruction is in the following language:

"There is another provision of our statutes which is applicable to this case and should be applied by you together with the provision of statute just set out and bearing upon the question of the negligence of the parties to this action. This statute provides it shall be *prima facie* lawful for a driver of a vehicle to drive it at a speed not exceeding the following: 'Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all highways entering such intersection for a distance of two hundred feet from such intersection.' "

It is urged that the giving of this instruction was error because there was no evidence to which it was applicable, and that the plat, exhibit 1, introduced by plaintiff, and said to be drawn to scale, shows the view from the route of defendant's bus to have been unobstructed for a distance of about 75 feet from the intersection. Conceding

that the plat furnishes some support for this argument, there was also other evidence which the jury were bound to consider in that connection. There were photographs introduced by both parties of sundry views from different angles of the intersection and of nearby territory and objects. There was also testimony of witnesses directed to this point. The bus driver said it was "kind of" a blind corner and that he approached it at a speed of 25 to 30 miles an hour and did not see the car in which plaintiff rode until it was out in the highway about 50 feet distant from him, and applied his brakes at a distance of approximately 10 feet before the cars hit. Over all was the consideration of the question whether under all the conditions of the road and the traffic at the particular time and place the speed was reasonable and proper. This was evidently in the mind of the trial judge when, upon the conclusion of plaintiff's testimony, in overruling the defendant's motion for a directed verdict, he stated he could not say as a matter of law it was not negligence for the defendant's bus not to slow down. Again at the close of the testimony, specific reference was made to the 15-mile-an-hour rule and the statement reiterated. The instruction by its language was connected with other instructions having to do with the statutory rules, and we conclude that there was sufficient in both pleading and evidence to justify the giving of the instruction.

Instruction No. 13 told the jury that, although the negligence of the driver of the car in which plaintiff was riding could not be imputed to plaintiff, "still that negligence may be considered by you in determining whether under all the circumstances surrounding the accident the defendant's negligence, if any, was the proximate cause of the accident." The criticism offered to this instruction is that the word "should" ought to have been used instead of the word "may" in the above quoted part. Considered in its proper setting, with the statements in the other instructions as to what might or might not properly be considered in determining the question of negligence, we

think that the distinction sought to be made calls for too much refinement of language to be held to be prejudicial error.

Instruction No. 14 had reference to defendant's claim that plaintiff knew that the driver of the car in which she was riding had on prior occasions failed to stop at stop signs, and "if you find from the evidence that this was true then you would be justified in finding that it was her duty to exercise reasonable care to direct his attention to the stop sign on the highway No. 70 as that highway entered highways Nos. 13 and 2." It is urged that this instruction is not complete in that it should have, in addition, told the jury what the penalty for failure on plaintiff's part to use reasonable care would be. The jury had been specifically informed in instruction No. 5 of plaintiff's duty in case she was aware of such acts or omissions of the driver, and that, if she failed in her duty in this regard, then she would be guilty of contributory negligence. This instruction directly followed instruction No. 13, already considered, having reference to the negligence of the driver of this car, and they, together with the provisions of instruction No. 5 and the other instructions having reference to negligence and contributory negligence, sufficiently covered the proposition.

Finally, it is urged that there was error in permitting plaintiff, without preliminary statements of qualification, experience, and observation to state her opinion of the speed of the bus as it approached the car in which she was riding. She stated she felt positive it was going at least 40 miles an hour. The trial court was not very particular in requiring foundation statements from the plaintiff, yet it should not be overlooked in the consideration of the question here that plaintiff had previously testified that, at least from the previous September until the time of the accident in March, she had been driving with this and other drivers between her residence in Grand Island and the school where she taught. This and the general knowledge that, in present times, practically

all persons may reasonably be presumed to have concerning the speed of automobiles would render particular foundation questions on the matter of the speed in this instance of less importance. Also, she was almost immediately thereafter permitted to state, "it was just rushing down upon us with such speed I was terrified and I couldn't tell anything else," which statement stood without protest. Obviously, any statement of the speed could be an estimate only. Other witnesses placed it at from 25 to 35 miles an hour, including the bus driver who said he was driving between 25 and 30. It may be that, strictly considered, a more definite foundation should be required; but, under the circumstances and testimony in this case, we cannot conceive that either the jury could have been misled or the defendant prejudiced by the failure of the trial court to require a more definite foundation for the statement.

The case was one of conflicting claims and evidence. We believe they were fairly submitted to the jury by the trial court. We have herein considered all the assignments of error in appellant's brief and find no prejudicial error therein.

The judgment of the district court is

AFFIRMED.